IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

**RENA LAMBERT and SALLY LACOUR,**                                           **PLAINTIFFS**
**Each Individually and on Behalf**
**of All Others Similarly Situated**


vs.                                          No. 4:20-cv-3759


**OEC DISTRIBUTION SERVICES, INC.,**                                   **DEFENDANTS**
**OEC TRANSPORTATION SERVICES, INC.,**
**and OEC LOGISTICS, INC.**

## <u>ORIGINAL COMPLAINT—COLLECTIVE ACTION</u>

COME NOW Plaintiffs Rena Lambert and Sally Lacour (collectively "Plaintiffs"),

each individually and on behalf of all others similarly situated, by and through their

attorneys Tess Bradford and Josh Sanford of Sanford Law Firm, PLLC, and for their

Original Complaint—Collective Action ("Complaint") against Defendants OEC Distribution

Services, Inc., OEC Transportation Services, Inc., and OEC Logistics, Inc. (collectively

"Defendant" or "Defendants"), they state and allege as follows:

### I.    PRELIMINARY STATEMENTS

1.     This is a collective action brought by Plaintiffs, each individually and on

behalf of all others similarly situated, against Defendant for violations of the overtime

provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA").

2.     Plaintiffs seek a declaratory judgment, monetary damages, liquidated

damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of

Defendant's failure to pay proper overtime compensation under the FLSA.

## II.    JURISDICTION AND VENUE

3.    The United States District Court for the Southern District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4.    Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Texas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Texas.

5.    The acts complained of herein were committed and had their principal effect against Plaintiff Sally Lacour within the Houston Division of the Southern District of Texas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III.    THE PARTIES

6.    Plaintiff Rena Lambert ("Lambert") is an individual and resident of Dallas County.

7.    Plaintiff Sally Lacour ("Lacour") is an individual and resident of Harris County.

8.    Separate Defendant OEC Distribution Services, Inc. ("OEC Distribution"), is a California, for-profit corporation.

9.    OEC Distribution's registered agent for service is Marshall Young, at 2603 Main Street, 9th Floor, Irvine, California 92614.

10.    Separate Defendant OEC Transportation Services, Inc. ("OEC Transportation"), is a California, for-profit corporation.

11.    OEC Transportation's registered agent for service is Marshall Young, at 2603 Main Street, 9th Floor, Irvine, California 92614.

12.     Separate Defendant OEC Logistics, Inc. ("OEC Logistics"), is a California, for-profit corporation.

13.     OEC Logistics's registered agent for service is Derek Chiman Tung, at 8 Corporate Park, Suite 190, Irvine, California 92606.

14.     Defendants' principal office in the United States is located at 13100 Alondra Boulevard, Suite 100, Cerritos, California, 90703.

15.     Defendants maintain a website at https://www.oecgroup.com/.

16.     OEC Group Dallas, Inc., is an inactive, Texas, for-profit corporation, which purported to employ Lambert within the three years preceding the filing of this lawsuit. Upon information and belief, one or more of the Defendants are doing business as OEC Group Dallas, Inc.

## IV.     FACTUAL ALLEGATIONS

17.     Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

18.     Upon information and belief, Defendants have unified operational control and management, as well as control over employees, including shared power to supervise, hire and fire, establish wages and wage policies and set schedules for their employees through unified management.

19.     Upon information and belief, the revenue generated from OEC Distribution, OEC Transportation and OEC Logistics was merged and managed in a unified manner.

20.     As a result of this unified operation, control and management, through shared employees and ownership with the authority to establish wages and wage policy, Defendants operated as a single enterprise

21.     Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as shipping containers and boats.

22.     Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

23.     Defendant is an employer within the meaning of the FLSA and has been, at all times relevant herein, Plaintiffs' employer.

24.     Defendants' primary business is providing shipping and freighting services.

25.     Defendant has locations throughout the world. Defendant's locations within the United States include Dallas, Houston, Boston, Chicago, New York, Los Angeles, New York, Phoenix and San Diego.

26.     At all times material herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA.

27.     Defendants employed Plaintiffs within the three years preceding the filing of this lawsuit.

28.     Specifically, Defendant employed Lambert as an hourly-paid Customer Service Representative from 2014 until February of 2020.

29.     Specifically, Defendant employed Lacour as an hourly-paid Customer Service Representative from August of 2017 until August of 2019.

30.     Lambert worked out of Defendant's offices in Dallas.

31.     Lacour worked out of Defendant's offices in Houston.

32.     Defendant also employed other hourly-paid Customer Service Representatives ("CSRs").

33.     As CSRs, Plaintiffs were primary responsible for booking shipments, billing customers, responding to customer questions and tracking freight.

34.     Other CSRs had the same or similar duties as Plaintiffs.

35.     Defendant directly hired Plaintiffs and other CSRs, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

36.     Plaintiffs were required to clock in at specific times (7:30 or 8:00 am) and were required to clock out at specific times (4:30 pm or 5:00 pm), even if they were still working.

37.     If Plaintiffs clocked in before their scheduled start time, they were not paid for the time they spent working before their scheduled start time.

38.     Plaintiffs were not always able to finish all of the work they were required to complete during their scheduled shift. For example, if Plaintiffs were in the middle of a project at 5:00 pm, they had to finish that project before leaving work, which resulted in hours worked which went unrecorded and uncompensated.

39.     Defendant sometimes shaved Lambert's hours to reflect fewer hours than she actually worked.

40.     Lambert estimates she worked approximately two hours each week which went unrecorded and uncompensated.

41.     Lacour estimates she worked approximately one hour each week which went unrecorded and uncompensated.

42.     Defendant knew or should have known that Plaintiffs were working hours which went unrecorded and uncompensated.

43.     In addition to their hourly wage, Plaintiffs received annual bonuses based on company revenue.

44.     Other CSRs also received an annual bonus based on company revenue.

45.     These bonuses were nondiscretionary because Defendant informed CSRs of the bonuses upon hiring, the CSRs expected to receive these bonuses and did in fact receive the bonuses on a regular basis.

46.     Upon information and belief, all or most CSRs receive annual bonuses.

47.     Defendant informs CSRs of the bonuses upon hiring because the bonuses are part of Defendant's compensation package and CSRs expect to receive the bonuses.

48.     Plaintiffs and other CSRs regularly or occasionally worked in excess of forty hours per week throughout their tenure with Defendant.

49.     Defendant paid Plaintiffs and other CSRs 1.5x times their base hourly rate for some of the hours they worked over 40 in a workweek.

50.     However, Defendant did not include the bonuses that were paid to Plaintiffs and other CSRs in their regular rates when calculating their overtime pay even though Plaintiffs and other CSRs received bonuses in pay periods in which they also worked in excess of forty hours per week.

51.     Section 778.208 of Title 29 of the Code of Federal Regulations requires that all forms of compensation, such as nondiscretionary bonuses, "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

52.     Defendant violated the FLSA and AMWA by not including all forms of compensation, such the non-discretionary bonuses paid to Plaintiffs and other CSRs, in their regular rate when calculating their overtime pay.

53.     Defendant's pay practices were the same for all CSRs who received bonuses and rent credits.

54.     Upon information and belief, the pay practices that violate the FLSA alleged herein were the same at all of Defendant's facilities because the policy was a centralized human resources policy implemented uniformly from the corporate headquarters.

55.     Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiffs and other CSRs violated the FLSA.

## V.     REPRESENTATIVE ACTION ALLEGATIONS

56.     Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

57.     Plaintiffs bring this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated as CSRs who were, are, or will be employed by Defendant within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A.     Overtime premiums for all hours worked over forty hours in any week;

B.     Liquidated damages; and

C.      Attorney's fees and costs.

58.      Plaintiffs propose the following class under the FLSA:

**All Customer Service Representatives who received a bonus
in connection with work performed in at least one week in which
they worked over forty hours within the past three years.**

59.      In conformity with the requirements of FLSA Section 16(b), each Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

60.      The relevant time period dates back three years from the date on which Plaintiffs' Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

61.      The members of the proposed FLSA class are similarly situated in that they share these traits:

A.      They were paid hourly;

B.      They were eligible for and received nondiscretionary bonuses;

C.      They worked over forty hours in at least one week in which they performed work related to a bonus;

D.      They were subject to Defendant's common policy of failing to pay a proper overtime rate for hours worked over forty in a week; and

E.      They had the same or substantially similar job duties and requirements.

62.      Plaintiff is unable to state the exact number of the class but believes that the class exceeds one hundred (100) persons.

63.      Defendant can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendant.

64.     The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant.

65.     The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant.

## VI.     FIRST CLAIM FOR RELIEF
### (Individual Claims for Violation of the FLSA)

66.     Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

67.     Plaintiffs assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

68.     At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

69.     29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

70.     Defendant classified Plaintiffs as non-exempt from the requirements of the FLSA.

71.     Defendant failed to pay Plaintiffs for all hours worked.

72.     Despite Plaintiffs' entitlement to overtime payments under the FLSA, Defendant failed to pay Plaintiffs 1.5x their regular rate for all hours worked in excess of 40 per week.

73.     Defendant knew or should have known that its actions violated the FLSA.

74.     Defendant's conduct and practices, as described above, were willful.

75.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

76.     Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiffs are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wage and unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

77.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## VII.     SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of the FLSA)

78.     Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

79.     Plaintiffs assert this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

80.     At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

81.     29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40 in a week, unless an employee

meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

82.     Defendant classified Plaintiffs and other similarly situated employees as non-exempt from the overtime provisions of the FLSA.

83.     Defendant failed to pay Plaintiffs and similarly situated employees 1.5x their regular rate for all hours worked in excess of 40 per week.

84.     Defendant deprived Plaintiffs and similarly situated employees of compensation for all of the hours worked over forty per week, in violation of the FLSA.

85.     Defendant knew or should have known that its actions violated the FLSA.

86.     Defendant's conduct and practices, as described above, were willful.

87.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

88.     Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiffs and similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

89.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs and the collective members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Rena Lambert and Sally Lacour, each individually and on behalf of all others similarly situated, respectfully pray that each Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A.     Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA and its related regulations;

B.     Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C.     Judgment for damages suffered by Plaintiffs and others similarly situated for all unpaid overtime wages under the FLSA and its related regulations;

D.     Judgment for liquidated damages owed to Plaintiffs and all others similarly situated pursuant to the FLSA and its related regulations;

E.     An order directing Defendant to pay Plaintiffs and all others similarly situated interest, a reasonable attorney's fee and all costs connected with this action; and

F.     Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**RENA LAMBERT and SALLY LACOUR, Each Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com